| | |
|---|---|
| Integrated Sports Media, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Los Miguelenos Restaurant and Bar, LLC and Ruth Abigail Linarte,<br><br>Defendants. | United States District Court<br>Middle District of North Carolina<br>Civil Action #10-968<br><br><br>COMPLAINT |

## COMPLAINT

Plaintiff, Integrated Sports Media, Inc., by their attorney, Law Offices of Rebecca A. Leigh., P.C., complaining of the Defendants herein respectfully sets forth and alleges, upon information and belief, as follows:

1. This action is brought pursuant to 47 U.S.C. Section 553 and 47 U.S.C. Section 605.

2. This court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3. This court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as a distributor of the transmission signal of the fight hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception or tortuous conversion of said property of Plaintiff within the control of the Plaintiff in the state of North Carolina.

## THE PARTIES

4. Plaintiff Integrated Sports Media, Inc. is a California corporation, with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, CA 95008.

5. The Defendant, Los Miguelenos Restaurant and Bar, LLC is a business entity, organized under the laws of the State of North Carolina, having its principal place of business at 3316 Guess Road, Durham, North Carolina 27705.

6. That upon information and belief, the Defendant Ruth Abigail Linarte was and still is

the principal of Los Miguelenos Restaurant and Bar, LLC and is a resident of Durham County, residing at 2824 Dearborn Drive, Durham, NC 27704.

## COUNT I

7. Plaintiff, Integrated Sports Media, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-6 inclusive, as though set forth herein at length.

8. By contract, Plaintiff, Integrated Sports Media, Inc., was granted the right to distribute CONCACAF World Cup Qualifier Tournament: Trinidad & Tobago v. El Salvador World Cup Qualifier Game (this includes all undercard bouts and the entire television broadcast) scheduled for August 12, 2009, via closed circuit television and via encrypted satellite signal. Said event originated via satellite uplink, and subsequently retransmitted to cable systems and satellite companies via satellite signal, (hereinafter referred to as the "Program").

9. Pursuant to contract, Plaintiff, Integrated Sports Media, Inc., entered into subsequent agreements with various entities in the State of North Carolina, allowing them to publicly exhibit the Program to their patrons.

10. Plaintiff, Integrated Sports Media, Inc., expended substantial monies in consideration of the aforementioned agreement to transmit the Program to those entities in the State of North Carolina, who in turn, entered into agreements with Plaintiff, Integrated Sports Media, Inc., to exhibit the Program to their patrons.

11. With full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees of the Defendants, unlawfully intercepted, received, and/or descrambled said satellite signal and did exhibit the Program at the above captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

12. That upon information and belief, Defendants used an illegal satellite receiver, intercepted Plaintiff's signal and/or used an illegal cable converter box or device to intercept Plaintiff's broadcast which originated via satellite uplink and then retransmitted via satellite

or microwave signal to various cable and satellite systems.

13. By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated 47 U.S.C. Section 605, et seq.

14. By reason of the aforementioned Defendants' violation of 47 U.S.C. Section 605, et seq, Integrated Sports Media, Inc., has the private right of action pursuant to 47 U.S.C. Section 605.

15. As the result of the aforementioned Defendants' violation of 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff, Integrated Sports Media, Inc., is entitled to damages consisting of:

    (a) 47 U.S.C. Section 605 (e)(III)(C)(i)(II) provides damages for willful violation in an amount to $10,000.00 as to each Defendants.

16. Pursuant to 47 U.S.C. Section 605, Plaintiff, Integrated Sports Media, Inc., is also entitled to an award of costs and reasonable attorney's fees.

## COUNT II

17. Plaintiff, Integrated Sports Media, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-16 inclusive, as though set forth herein at length.

18. 47 U.S.C. Section 605 prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff, Integrated Sports Media, Inc., had the distribution rights thereto).

19. That upon information and belief, Defendants modified a device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity.

20. 47 U.S.C. Section 605 (e)(III)(C)(i)(II) provides an award of statutory damages in a sum not less than $10,000.00, or more than $100,000.00 as the court considers just for each violation of the above paragraph.

21. By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated

47 U.S.C. Section 605, et seq.

22. By reason of the aforementioned Defendants' violation of 47 U.S.C. Section 605, et seq. Integrated Sports Media, Inc., has the private right of action pursuant to 47 U.S.C. Section 605.

23. As the result of the aforementioned Defendants' violation of 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff, Integrated Sports Media, Inc., is entitled to damages from each of the aforementioned Defendants consisting of:

    (a) Damages for each violation in an amount to $100,000.00 as to the Defendants.

24. Pursuant to 47 U.S.C. Section 605, Plaintiff, Integrated Sports Media, Inc., is also entitled to an award of costs and reasonable attorney's fees.

## COUNT III

25. Plaintiff hereby incorporates paragraphs 1 through 24, inclusive, as though fully set forth herein.

26. With full knowledge that the Program were not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees did exhibit the Program at the above captioned address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

27. 47 U.S.C. Section 553 et seq. prohibits the unauthorized reception, interception and exhibition of the Program.

28. That the Defendants individually, upon information and belief, illegally intercepted said Program when it was distributed to and shown by cable television systems.

29. By reason of the aforementioned conduct, Defendants', violated 47 U.S.C. Section 553, et seq., thereby giving rise to a private right of action.

30. Pursuant to said statute, Plaintiff is entitled to damages in an amount up to $50,000.00, plus the recovery of full costs, including reasonable attorney fees.

WHEREFORE, the Plaintiff, Integrated Sports Media, Inc., requests that judgment be entered in its favor and against each of the aforementioned Defendants granting to said Plaintiff:

(a) Statutory damages in the amount of $160,000.00 as to the Defendants;

(b) Attorney's fees, interest, costs of suit as to the Defendants, together with such other and further relief as this Court may deem just and proper.

LAW OFFICES OF REBECCA A. LEIGH

By: /s/ Rebecca A. Leigh
REBECCA A. LEIGH
Attorney for Plaintiff
Integrated Sports Media, Inc.
N.C. Bar No. 24820

**OF COUNSEL**

Law Offices of Rebecca A. Leigh, P.C.
301 South Greene Street, Suite 201
Greensboro, North Carolina 27401
Telephone: (336) 389-1800
Facsimile: (336) 389-0060